UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-24483-RNS

BETTY T. FERGUSON, *et al*,

     Plaintiffs,

v.

MIAMI DOLPHINS, LTD., *et al*,

     Defendants.

                                  /

## DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFFS

Defendants[1] file this response to the motion of the Florida State Conference and Miami-Dade branch of the National Association for the Advancement of Colored People (together, the "FL/MD NAACP") for leave to file an *Amicus Curiae* Brief in support of Plaintiffs' Opposition to Defendants' Motion to Dismiss (the "Motion") [ECF No. 45]. Defendants have the utmost respect for the FL/MD NAACP and its mission, but it is simply too late for anyone to file an amicus brief in opposition to Defendants' motion to dismiss.

"While Federal Rule of Appellate Procedure 29 provides for the filing of amicus curiae briefs, the Federal Rules of Civil Procedure lack a parallel provision regulating amicus appearances at the district court level." *United States v. Santiago-Ruiz*, No. 17-60022, 2017 WL 11454398, at *1 (S.D. Fla. Dec. 4, 2017). Because there is no applicable Federal Rule of Civil Procedure, a District Court's authority to permit the filing of an amicus brief "'is derived from Rule 29 of the Federal Rules of Appellate Procedure.'" *Id.* (quoting *Mobile Cnty. Water, Sewer &*

---

[1] The defendants filing this response are Miami Dolphins, Ltd., South Florida Stadium LLC, RSE Ventures, LLC, Liberty Media Corporation, Formula One Management Limited, Formula One World Championship Limited, and Miami-Dade County, Florida.

*Fire Prot. Auth., Inc. v. Mobile Area Water & Sewer Sys., Inc.*, 567 F. Supp. 2d 1342, 1344 (S.D. Ala. 2008)).

"Inasmuch as an amicus is not a party and 'does not represent the parties but participates only for the benefit of the court, it is solely within the discretion of the court to determine the fact, extent, and manner of participation by the amicus.'" *See id.* (citing *News & Sun-Sentinel Co. v. Cox*, 700 F. Supp. 30, 31 (S.D. Fla. 1988)). "[A]cceptance of amicus curiae 'should be allowed only sparingly, unless the amicus has a special interest, or unless the Court feels that the existing counsel need assistance.'" *See News & Sun-Sentinel Co. v. Cox*, 700 F. Supp. 30, 32 (S.D. Fla. 1988).

Federal Rule of Appellate Procedure 29(a)(6) is clear that "an amicus curiae ***must*** file ***its brief***, accompanied by a motion for filing where necessary, no later than 7 days after the principal brief of the party being supported is filed" (emphasis added).  Defendants filed their motion to dismiss on January 22, 2021 [ECF No. 35].  Plaintiffs filed their response—which is the principal brief of the party that the FL/MD-NAACP seeks to support—on March 29, 2021. [ECF No. 44]

Anyone wanting to participate as *amici* in support of Plaintiffs' opposition to the motion to dismiss had **80 days** – from January 22 through until April 5 (one week after Plaintiffs filed their response) – to file the requisite motion and a proposed amicus brief.  The FL/MD NAACP filed its motion on April 15, 2021, after the deadline imposed by the rules.  The 80-day window that existed here provided more than enough time for anyone to seek leave to participate as *amici* in support of Plaintiffs' opposition to the motion to dismiss.  *See News & Sun-Sentinel*, 700 F. Supp. at 32 (finding that the proposed amici's "untimely request as well as its failure to give adequate justification for any delay warrants a denial of the motion") (internal quotation marks omitted).

Defendants' motion to dismiss has been pending since January 22, 2021, and fully briefed since April 12, 2021.  Now, the FL/MD NAACP requests an additional 30 days within which to file a brief.  If the FL/MD NAACP were permitted to file an amicus brief now – after the deadline for doing so has passed, and after Defendants have already replied in support of their motion to dismiss – due process would require the Court to reopen briefing in order to give Defendants the opportunity to respond to the amicus brief. The rules of procedure "should be construed, administered, and employed to secure the just, speedy, and inexpensive determination of every action and proceeding."  *See* Fed.R.Civ.P. 1.  Permitting the untimely filing of an amicus brief – thereby requiring a new round of briefing for an already-briefed motion that has been pending for three months – will cause undue delay and expense.

Finally, Federal Rule of Appellate Procedure 29(a)(6) requires prospective *amici* to file their proposed brief simultaneously with the motion seeking leave to participate as *amici*.  As this Court recently ruled in this action, the local rules require the same.  *See* ECF No. 55 (denying Plaintiffs' motion for leave to file a sur-reply) ("The Plaintiffs have not complied with the Southern District of Florida's CM/ECF Administrative Procedures Rule 3I(1) which states, in part: 'If a document to be filed requires a motion requesting leave of the Court … the proposed document shall be submitted as a PDF attachment to the motion.' This allows a court to review the proposed filing to evaluate whether the filing is indeed warranted.").  Here, the FL/MD NAACP did not attach its proposed amicus brief to its motion as required by Federal Rule of Appellate Procedure 29(a)(6) and Administrative Procedures Rule 3I(1).

The FL/MD NAACP asserts, "the standard for leave to file an *amicus* brief is whether it will assist the Court in deciding the issues before it." Motion at 3. (citations omitted).  FL/MD NAACP further asserts, "the *amici curiae* are interested in this matter and uniquely qualified to

assist the Court in its evaluation of the merits of Plaintiffs' civil rights claims." *Id.* at 4.  Thus, it appears that the FL/MD NAACP's proposed brief is intended to relate to the alleged merits of the action, and not the pending motion to dismiss.  Unfortunately, however, because the Motion does not attach the proposed *amicus* brief, the Court is unable to make the assessment FL/MD NAACP asserts is required; that is, whether it properly will assist the Court in deciding the motion to dismiss.

The FL/MD NAACP's motion should be denied.

**[SIGNATURE BLOCKS ON NEXT PAGE]**

BILZIN SUMBERG BAENA PRICE
& AXELROD LLP
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131-3456
Telephone:  (305) 374-7580
Facsimile:  (305) 374-7593

By:  /s/  Melissa Pallett-Vasquez
    Melissa Pallett-Vasquez (FBN 715816)
    mpallett@bilzin.com
    Shalia Sakona (FBN 107398)
    ssakona@bilzin.com
    alopez@bilzin.com
    stapanes@bilzin.com
    service@bilzin.com

*Attorneys for Defendants Miami Dolphins,
Ltd., South Florida Stadium LLC, and RSE
Ventures, LLC*

HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
(305) 374-8500 (telephone)
(305) 789-7799 (facsimile)

By: /s/  Scott D. Ponce
    Scott D. Ponce (FBN 0169528)
    scott.ponce@hklaw.com
    Wifredo Ferrer (FBN 887005)
    wifredo.ferrer@hklaw.com
    Sydney B. Alexander (FBN 1019569)
    sydney.alexander@hklaw.com

*Counsel for Defendants Liberty Media
Corporation, Formula One Management
Limited and Formula One World
Championship Limited*

GERALDINE BONZON-KEENAN
Miami Dade County Attorney
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, Florida 33128
(305) 375-5151 (telephone)
(305) 375-5634 (facsimile)

By: /s/  Michal B. Valdes
    Michael B. Valdes (FBN 93129)
    mbv@miamidade.gov

*Counsel for Miami-Dade County, Florida*

## CERTIFICATE OF SERVICE

    I hereby certify that I caused a true and correct copy of the foregoing to be served electronically via the CM/ECF system this 22nd day of April, 2021 upon all counsel of record.

                By: /s/  Scott D. Ponce